**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL CASE NO. |
| v. : | 3:00-CR-00263 (JCH) |
| : | |
| WILLIE PREZZIE, : | |
|     Defendant. : | JUNE 25, 2018 |
| : | |

**ORDER GRANTING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (DOC. NO. 2516)**

The defendant Willie Prezzie ("Prezzie") filed a Motion for Early Termination of Supervised Release on April 26, 2018. See Mot. for Early Termination of Supervised Release ("Mot. for Early Termination") (Doc. No. 2516). On May 21, 2018, the United States of America ("the government") filed a Memorandum in Opposition to Prezzie's Motion. See Gov't's Mem. in Opp'n to Def.'s Mot. for Early Termination of Supervised Release ("Gov't's Opp'n") (Doc. No. 2522). For the reasons that follow, Prezzie's Motion is granted.

Section 3583 of title 18 of the United States Code permits the court to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1) (2016). Section 3583 provides that the court should consider the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). See id. Section 3583 does not direct the court to consider "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for

the law, and to provide just punishment for the offense" in section 3553(a)(2)(A).  See id.

On July 21, 2004, Prezzie was sentenced to 60 months' imprisonment, followed by ten years of supervised release.  In May 2006, less than one year into his term of supervised release, which began in October 2005, Prezzie was arrested for the sale of narcotics.  On December 22, 2006, the court revoked Prezzie's supervised release and sentenced Prezzie to 35 months of incarceration, to run consecutive to the six-year sentence Prezzie received in Norwalk Superior Court.  The court sentenced Prezzie to a ten year sentence of supervised release to follow his release, with no credit for his prior time on supervised release.

Prezzie commenced his term of supervised release on July 6, 2012, and has to date served nearly six years of his supervised release term, which is scheduled to end in July 2022.  See Mot. for Early Termination at 2.  After consideration of the factors enumerated above, the court concludes that termination of supervised release is warranted by Prezzie's conduct and the interest of justice.  Prezzie has maintained employment since his release.  See id. at 8.  His daughter has recently started attending college, and he takes care of his elderly father.  See id. at 10.  United States Probation Officer Keith Barry, who supervised Prezzie before he transitioned to an administrative caseload, observed a complete change in attitude and motivation between Prezzie's first term of supervised release and his present term.  Officer Barry has indicated that Prezzie has been fully compliant and is a good candidate for early termination.  Prezzie has demonstrated a continued ability to remain crime- and violation-free and to successfully reintegrate into the community.

The government argues that Prezzie has not shown "new or unforeseen circumstances," including "exceptionally good behavior," that would justify the early termination of supervised release.  See Gov't's Opp'n at 3 (quoting U.S. v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)); see also, U.S. v. Gonzales, No. 94-CR-0134 (JSR), 2015 WL 4940607, at *1 (S.D.N.Y. 2015) ("Full compliance with the terms of supervised release is what is expected of the defendant and does not warrant early termination.") (citations and alterations omitted).  However, Prezzie's conduct over the course of his six years on supervised release provides the court with ample support to conclude that the goals of supervised release have been realized in this case and that four more years on an administrative caseload would be counter-productive.

Based on the above considerations, the court concludes that continued supervised release serves no further purpose in Prezzie's case, as there is no further need to deter criminal conduct, protect the public, or provide Prezzie with treatment or services.  Rather, continued supervised release may hinder Prezzie's full reintegration by unnecessarily standing in the way of his employment progress.  Accordingly, the Motion for Early Termination is **GRANTED**.

**SO ORDERED.**

Dated at New Haven, Connecticut this 25th day of June, 2018.

/s/ Janet C. Hall_____
Janet C. Hall
United States District Judge